IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-CV-56-SMY-SCW |
| vs. | ) ) | |
| JON HOUSMAN, Individually and d/b/a HOUSMAN'S LANDSCAPING, | ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Before the Court is Plaintiff Trustees of Central Laborers' Pension, Welfare & Annuity Funds' Motion for Entry of Default Judgment (Doc. 8). For the following reasons, Plaintiff's Motion is **GRANTED**.

Plaintiff is the Trustees of Central Laborers' Pension, Welfare & Annuity Funds (the "Funds"). Plaintiff alleges that Defendant entered into an Agreement to participate in the Funds to secure health and welfare benefits for his employees represented by local laborer unions affiliated with the Funds (*see* Doc. 2). According to Plaintiff, Defendant's agreement with the Funds obligated him to pay fringe benefits as required by the terms of the Agreement. Pursuant to the Agreement, Defendant was also liable for reasonable attorneys' fees and costs, and liquidated damages associated with any effort the Funds required to collect delinquent contributions from Defendant. *Id*. Plaintiff alleges that Defendant breached his obligation under

1

the Agreement by failing to pay fringe benefits and to perform its obligations pursuant to the Agreement.

On May 8, 2015, Plaintiff moved for entry of default (Doc. 5).  An entry of default was issued by the Clerk of Court on May 11, 2015 (Doc. 6).  On October 22, 2015, Plaintiff moved for default judgment against Defendant (Doc. 8).  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure,  the Court held a hearing to determine the amount of damages on December 21, 2015.  Following the hearing, the Court permitted Plaintiff to supplement its motion in order to provide documentation of its attorneys' fees (Doc. 11).  Plaintiff filed the supplemental documents on December 30, 2015 (Doc. 12).

A party is authorized to seek a default judgment pursuant to Federal Rule of Civil Procedure 55.  Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself.  Fed. R. Civ . P. 55(a).  The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion.  *Homer v. Jones–Bey,* 415 F.3d 749, 753 (7th Cir.2005).  "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint as long as plaintiff's allegations are well-plead." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir.1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 186 (7th Cir.1982)).  Plaintiff must then establish a right to the requested relief sought.  *In re Catt,* 368 F.3d 789, 793 (7th Cir.2004).

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing][the] amount" prayed for in the demand for judgment.  Fed. R. Civ. P. 54(c).  Allegations within the complaint regarding damages are not deemed true upon the rendering of a

default judgment. *In re Catt,* 368 F.3d at 793 (citations omitted); *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted); *see also In re Catt,* 368 F.3d at 793.

In this case, there is sufficient evidence supporting Plaintiff's allegations that Defendant was contractually obligated to pay contributions and failed to do so. The evidence establishes that from January 10, 2010, to June 30, 2014, Defendant failed to fulfill its contractual obligations. Based upon the documentary and testimonial evidence produced during the hearing, the Court awards Plaintiff the following damages upon default: $149,469.18 in delinquent contributions, $14,936.22 in liquidate damages, $640.00 in audit costs, and $1,726.00 in attorneys' fees and costs.

Accordingly, Plaintiff's Motion for Default Judgment (Doc. 8) is **GRANTED.** The Court **DIRECTS** the Clerk of Court to enter default judgment in favor of Plaintiff Trustees of Central Laborers' Pension, Welfare & Annuity Funds and against Defendant Jon Housman, individually and d/b/a Housman's Landscaping in the amount of $166,771.40.

**IT IS SO ORDERED.**

DATED: February 2, 2016

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
